892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Khairy AREF, Dr., and Kea Consulting Engineers, Inc.,
Plaintiffs-Appellants,
v.
ARAB REPUBLIC OF EGYPT, a foreign Country, Defendant-Appellee.
 No. 88-5800.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989.*
Decided Dec. 15, 1989.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pursuant to an order for a letter rogatory from a United States Magistrate, plaintiffs attempted service of process by sending forms via courier to the AROE Ministry of Justice. The Ministry is the central authority designated by AROE for service of process under the Hague Convention, 20 UST 361. This service was insufficient under article 3 of the Convention, which requires that documents be sent by an "authority or judicial officer" of the originating country. By failing to comply with the requirements of the Convention, plaintiffs did not effect proper service under 28 USC § 1608(a)(2). Moreover, because plaintiffs did not translate relevant documents into Arabic, 28 USC §§ 1608(a)(3) and (4) were also inapplicable; the parties could not modify this statutory requirement by a clause stating that all communications relating to the contract shall be in English. The district court properly quashed service and vacated the default judgment against defendant.
 
 
 3
 However, because plaintiffs' attempted service was consistent with the magistrate's order, dismissal of the action for ineffective service was too harsh. As considerable time has passed since plaintiffs filed their complaint, relevant statutes of limitations may have expired. We therefore vacate the judgement of dismissal. On remand, the district court shall allow plaintiffs reasonable time to effect proper service.
 
 
 4
 The district court held in the alternative that, even if service was proper, defendant was immune from suit under the Foreign Sovereign Immunities Act, 28 USC § 1602 et seq. This determination was premature. Plaintiffs allege that defendant's liability arises from commercial activity carried on in the United States. If true, AROE would not be immune. 28 USC § 1605(a)(2). The district court erred in dismissing the action based on the pleadings alone.
 
 
 5
 AFFIRMED IN PART and VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3