33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Khairy AREF, Dr. Plaintiff-Appellant,
and
KEA Consulting Engineers, Inc.; KNBS Consulting & Civil
Engineers, Plaintiffs,
v.
ARAB REPUBLIC OF EGYPT; John Bentley; Mohammed Sakr;
Kamel Law Offices, Defendants-Appellees.
Khairy AREF; KNBS Consulting & Civil Engineers; KEA
Consulting Engineers, Inc., Plaintiffs-Appellants,
v.
ARAB REPUBLIC OF EGYPT; John Bentley; Mohammed Sakr;
Kamel Law Offices, Defendants-Appellees.
 Nos. 93-55405, 93-55401.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1994.
Decided Aug. 18, 1994.
 
 1
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 
 3
 We have jurisdiction. The district court clearly intended to terminate all the claims against all the defendants. The district court issued three orders which effectively terminated all claims except those against World Bank. No claims remain against the Bank because KEA Inc. and KNBS Inc. (KNBS) did not effect service of process on the Bank. See Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1514 (9th Cir.1987).
 
 II.
 
 4
 We dismiss KNBS's appeal of the district court's order referring the claims against the Arab Republic of Egypt, et al., to arbitration.
 
 
 5
 As we previously held in Aref v. Holmgren, 976 F.2d 736, 1992 WL 231148 at * 1 (9th Cir. Sept. 21, 1992) (unpublished decision), "[i]nterlocutory orders compelling arbitration are not appealable. 9 U.S.C. Sec. 16(b)(3). Because the district court ordered the parties to arbitrate under the terms of their contract, we have no jurisdiction over the appeal from that order.... Dismissals are normally appealable and the arbitration statute does not divest us of jurisdiction over otherwise reviewable orders or judgments. But the dismissals in this case adjudicated fewer than all the claims or the rights and liabilities of fewer than all the parties, because additional claims are still pending against other defendants.... [t]his precludes appellate jurisdiction." Id. (internal quotations and citations omitted).[1] It is clear KNBS understood the arbitration order was not appealable. See KER 72-73. The subsequent dismissal of the remaining parties did not change the interlocutory nature of th e arbitration order.
 
 
 6
 We dismiss KNBS's appeal of that part of the district court's order simultaneously dismissing the claims.[2] KNBS did not brief the dismissal as a separate issue.
 
 III.
 
 7
 We affirm the dismissal of the claim against the Kamel Law Firm, Bentley and Sakr, for lack of jurisdiction for the reasons stated in the district court's order.
 
 IV.
 
 8
 We award sanctions against KNBS and their attorney, Mr. Robert Russo, jointly and severally in the amount of the Kamel Appellees' attorney's fees and double costs. KNBS and Mr. Russo submitted misleading and legally frivolous briefs to this court.
 
 
 9
 The opening brief is virtually the same document filed in district court which resulted in Rule 11 sanctions. Mr. Russo relied on the same arguments and documents without making a reasonable inquiry into the facts and law regarding: (1) the Rule 12 waiver argument; (2) the reliance on arbitration law to argue the waiver of personal jurisdiction; and (3) the declarations which misleadingly state inferences as facts. See Malhiot v. Southern California Retail Clerks Union, 735 F.2d 1133, 1138 (9th Cir.1984) (sanctions against attorney where attorney submitted brief containing misrepresentations of the record and intentional misstatement of the law).
 
 
 10
 The appeal of the district court's order dismissing Sakr and the Kamel Law Office for lack of jurisdiction is legally frivolous. Sakr's only contact with California arises from listings in publications distributed nationwide. See Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir.1990). The contacts Bentley may have had cannot be attributed to Sakr. Sher v. Johnson, 911 F.2d 1357, 1366 (9th Cir.1990) ("[A] partner's actions ... ordinarily may not be imputed to the other partners."). Bentley's two meetings with clients in California can be imputed to the Law Office, see Sher, 911 F.2d at 1362 (partner is an agent of the partnership when partner is conducting partnership business), but the law is clear that these contacts are insufficient for jurisdiction. See, e.g., id. at 1362-63. KNBS's arguments regarding abuse of process and interference with contractual relations are legally frivolous--KNBS did not allege these claims in the complaint. Furthermore, it is clear from a cursory reading of the statutes governing the Federal Sovereign Immunities Act and service of process in California that these statutes are inapplicable to the facts of this case.
 
 
 11
 Many statements in KNBS's briefs are not supported by the record. See, e.g., opening brief II at 11, "They are members of the American Chamber of Commerce whose requirement for membership is to have significant business in California."; id. at 11, listing of Kamel's clients in California and the United States when cited document does not state clients are California clients; id. at 12, stating Bentley met with plaintiffs in Los Angeles when record shows Bentley met with representatives of JMM who are not plaintiffs in this action; and repeated references to the Kamel defendants' involvement in this action since 1987, although these defendants were not joined until 1990.
 
 
 12
 We deny the Kamel Appellees' Request for Judicial Notice.
 
 
 13
 We grant KNBS's request for Judicial Notice.
 
 
 14
 DISMISS in part; AFFIRM in part; and AWARD SANCTIONS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and legal arguments and we will not repeat them here
 
 
 [1]
 See also 9 U.S.C.A. Sec. 16, practice commentary (West Supp.1994) ("The question of whether a dispute is arbitrable can arise as an incident to a pending action or as an entirely independent proceeding. In the first situation, sometimes referred to as an 'embedded' proceeding[,] ... [t]he statute appears to cover all the various possible 'embedded' situations and allows an immediate appeal only from decisions against arbitration."); Gammaro v. Thorp Consumer Discount Co., 15 F.3d 93, 95 (8th Cir.1994); Humphrey v. Prudential Sec., 4 F.3d 313, 319 (4th Cir.1993); McDermott Int'l v. Underwriters at Lloyds, 981 F.2d 744, 748 (5th Cir.1993)
 
 
 [2]
 The district court did not violate our mandate in Aref v. Arab Republic of Egypt, 892 F.2d 1045 (9th Cir.1989) (unpublished memorandum decision at 1989 WL 155430); ER 42-43. Nothing in our earlier opinion suggests that the district court could not dismiss this action, involving an amended complaint, on the pleadings alone