**FILANTO, S.P.A., Plaintiff–Appellant,**

v.

**CHILEWICH INTERNATIONAL CORP., Defendant–Appellee.**

**No. 402, Docket 92–7657.**

United States Court of Appeals, Second Circuit.

Argued Nov. 13, 1992.

Decided Jan. 19, 1993.

Richard N. Chassin, New York City (Joseph D. Becker, Michael J. Lane, Becker, Glynn, Melamed & Muffly, on the brief), for plaintiff-appellant.

Allen N. Ross, New York City (Lawrence J. Profeta, Warshaw Burstein Cohen Schlesinger & Kuh, on the brief), for defendant-appellee.

Before: NEWMAN, KEARSE, and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal presents a variation on the recurring issue of whether a district court's order requiring arbitration is appealable. The precise question is whether such an order is appealable when it is entered in a lawsuit brought on the underlying dispute, the complaint is not dismissed, but the case is nonetheless marked "closed." The issue arises on the purported appeal of Filanto, S.p.A. ("Filanto") from the May 21, 1992, judgment of the District Court for the Southern District of New York (Charles L. Brieant, Chief Judge), 789 F.Supp. 1229 (S.D.N.Y.1992). We conclude that the appeal is premature, and accordingly dismiss the appeal.

## Background

Defendant-appellee Chilewich International Corp. ("Chilewich") is a New York-based import-export company. In 1989, Chilewich contracted to sell footwear to Raznoexport, then a Soviet Government entity. This contract (the "Russian Contract") specified that all disputes would be resolved by arbitration before the Moscow Chamber of Commerce and Industry. To fulfill its obligations under the Russian Contract, Chilewich contracted with Filanto, the largest Italian manufacturer of shoes and boots. There is some dispute as to the content and time of formation of that contract. Chilewich contends that a March 13, 1990, letter it sent to Filanto contains the essential terms of the contract. This letter provided that the Russian Contract was "incorporated ... as far as practicable," and specifically indicated that any arbitration should be in accordance with that contract. Filanto contends that it never accepted these terms, and that a contract was formed only by conduct at a later date. Under applicable principles of international law, Filanto contends, such a contract would not include any arbitration provisions.

In January 1991, Chilewich refused to accept 90,000 boots, causing Filanto to incur a substantial loss. Filanto filed a breach of contract suit in the District Court for the Southern District of New York,

invoking jurisdiction on the basis of diversity of citizenship. Prior to answering, Chilewich moved to stay the proceeding pending arbitration in Moscow. The District Court concluded that various actions by Filanto estopped it from denying the existence of an agreement to arbitrate, and directed the parties to arbitrate their dispute before the Chamber of Commerce and Industry in Moscow, Russia.

Somewhat less clear is whether the District Court then intended to retain jurisdiction or to dismiss the action. In his written opinion, Chief Judge Brieant concluded that he had the power to stay the action, but that "to do so in this case would serve no purpose," and that "[a]ccordingly, it is appropriate that a final judgment issue here containing a mandatory injunction to arbitrate." 789 F.Supp. at 1242. But on the separate document submitted for his signature as the judgment of the District Court, Judge Brieant drew a line through the sentence that would have read: "ORDERED, ADJUDGED AND DECREED that plaintiff's complaint be and hereby is dismissed." The judgment, as entered, ordered only arbitration and did not dismiss the complaint. The docket entries, however, reflect that the case was "closed" on May 21, 1992.

Discussion

When Congress in 1988 added a new provision governing appeals of orders concerning arbitration, *see* Pub.L. 100–702, tit. X, § 1019(a), 102 Stat. 4642, 4670–71 (1988), *codified at* 9 U.S.C. § 16 (Supp.III 1991),[1] it endeavored to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration. However, Congress did not implement this policy fully. Instead, Congress built upon the distinction the courts had previously recognized between so-called "independent" proceedings and so-called "embedded" proceedings and authorized the following regime for appeals:

(a) If the suit is "independent," *i.e.*, the plaintiff seeks an order compelling or prohibiting arbitration or a declaration that a dispute is arbitrable or not arbitrable, and no party seeks any other relief, a final judgment ending such litigation is appealable at once. 9 U.S.C. § 16(a)(3); *Matter of Chung and President Enterprises Corp.*, 943 F.2d 225, 227–29 (2d Cir.1991); *Stedor Enterprises, Ltd. v. Armtex, Inc.*, 947 F.2d 727, 731 (4th Cir.1991). If arbitration has been ordered, the objecting party need not await the outcome of the arbitration before challenging the order to arbitrate.

(b) If the suit is "embedded," *i.e.*, a party has sought some relief other than an order requiring or prohibiting arbitration (typically some relief concerning the merits of the allegedly arbitrable dispute), orders denying arbitration are immediately appealable, 9 U.S.C. § 16(a)(1)(A)–(C), (a)(2); *see Haviland v. Goldman, Sachs & Co.*, 947 F.2d 601, 604 (2d Cir.1991) (appeal of anti-arbitration order in embedded case), *cert. denied,* —— U.S. ——, 112 S.Ct. 1995, 118 L.Ed.2d 591 (1992); *Com–Tech Associates v. Computer Associates International, Inc.*, 938 F.2d 1574, 1576 (2d Cir.1991) (same), but orders directing arbitration are not immediately appealable, 9 U.S.C. § 16(b);[2] *see McDermott International, Inc. v. Underwriters at Lloyds Subscribing to Memorandum of Insurance No. 104207*, 981 F.2d 744 (5th Cir.1993) (appeal of pro-arbitration order in embedded case dismissed); *Perera v. Siegel Trading Co.*, 951 F.2d 780, 784–86 (7th Cir.1992) (same). In the latter circumstance, the party opposing arbitration cannot challenge the arbitration requirement until the arbitration has occurred and its result is available for challenge on a motion to confirm or vacate

---

1. From 1988 to 1990, this provision was codified at 9 U.S.C. § 15. *See* Pub.L. 101–650, § 325(a), 104 Stat. 5089, 5120 (1990) (renumbering 9 U.S.C. § 15 to 9 U.S.C. § 16).

2. An appeal might be specifically allowed pursuant to 28 U.S.C. § 1292(b) (1988). In the absence of certification, however, the barrier to

appeal cannot be circumvented by the collateral order doctrine, whether the order compels arbitration, *see Steele v. L.F. Rothschild & Co.*, 864 F.2d 1, 3 (2d Cir.1988), or refuses to stay an action pending arbitration, *see McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761, 764 (2d Cir.1988).

the award. In effect, the pro-arbitration tilt of the statute requires that, with respect to embedded actions, the party opposing arbitration must bear the initial consequence of an erroneous district court decision requiring arbitration.

This case presents a classic example of an embedded proceeding. Filanto sued on a contract, and Chilewich moved to stay the proceedings pending arbitration. The District Court, having concluded that the parties made an agreement to arbitrate and that the chosen location was not "seriously inconvenient," *see The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972) (forum selection clauses), directed the parties to arbitrate. Because the District Court declined to dismiss the complaint, *see Borden, Inc. v. Meiji Milk Products Co.*, 919 F.2d 822, 826 (2d Cir.1990) (district court may retain jurisdiction over action subject to Convention on the Recognition and Enforcement of Foreign Arbitral Awards), *cert. denied,* —— U.S. ——, 111 S.Ct. 2259, 114 L.Ed.2d 712 (1991), its order compelling arbitration is not appealable under 9 U.S.C. § 16(b)(3).[3]

We see no jurisdictional significance to the docket entry marking the case as "closed," which we will assume was made for administrative or statistical convenience. *See Corion Corp. v. Chen*, 964 F.2d 55, 56–57 (1st Cir.1992) (direction of district court "that the case be 'administratively closed' pending arbitration ... [not] equivalent to a final judgment of dismissal"); *Campbell v. Dominick & Dominick, Inc.*, 872 F.2d 358, 360 (11th Cir.1989) (order closing case for statistical purposes did not render action final). The closing of the case without an adjudication of the complaint did not place the complaint in some sort of jurisdictional limbo and did not render the arbitration order available for immediate appeal. The complaint in the embedded action, not having been adjudicated,

remains within the jurisdiction of the District Court, regardless of the effort to tidy up the docket card.

### Conclusion

The appeal is dismissed for lack of appellate jurisdiction.

---

**3.** Had the complaint been dismissed, it is arguable that an appeal would be immediately available, though the relief might be limited to vacating the dismissal, reinstating the complaint, and declining to review at that stage the order directing arbitration. *But see McCowan v. Dean*

*Witter Reynolds Inc.*, 889 F.2d 451, 453 (2d Cir. 1989) (reference of claims to arbitration in embedded proceeding unappealable despite District Court's statement that it had granted motion to dismiss).