15 F.3d 93
 Joseph J. GAMMARO, Appellant,
v.
THORP CONSUMER DISCOUNT COMPANY, doing business as ITT
Financial Services; ITT Consumer Financial
Corporation, a Delaware corporation;
ITT Financial Corporation, a
Delaware
corporation,
Appellees.
 No. 93-3423.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 16, 1993.
Decided Jan. 21, 1994.
 
 Susan Ford Bedor, St. Paul, MN, argued, for appellant.
 Janice M. Synchych, Minneapolis, MN, argued, for appellees.
 Before JOHN R. GIBSON*, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 HEANEY, Senior Circuit Judge.
 
 
 1
 Joseph J. Gammaro brought suit against Thorp Consumer Discount Company, from whom Gammaro had borrowed certain sums of money, and related corporations in the United States District Court for the District of Minnesota. Gammaro alleged that Thorp had violated the Truth in Lending Act, 15 U.S.C. Sec. 1635, and various state deceptive practices laws, and he sought to form a plaintiff class. On the defendants' motion, the district court ordered the parties to proceed to arbitration as provided for in the loan agreement and dismissed the class allegations. Gammaro filed notice of this appeal, and the defendants moved to dismiss, arguing that the Federal Arbitration Act precludes appellate jurisdiction at this time. See 9 U.S.C. Sec. 16(b). Finding that Congress has in fact curtailed our jurisdiction in this regard, we dismiss this appeal without prejudice to a later, timely appeal.[1]
 
 
 2
 * Gammaro's claims stem from consumer and real estate loans he received from Thorp. The loan agreement in question includes the following arbitration clause:
 
 
 3
 You and ITT Financial Services agree that, other than judicial foreclosures and cancellations regarding real estate security, any dispute, past, present, or future, between us or claim by either against the other or any agent or affiliate of the other, whether related to your loan, products you purchase from or through ITT Financial Services, or otherwise shall be resolved by binding arbitration in accordance with the arbitration rules of the National Arbitration Forum, Minneapolis, Minnesota, and judgment upon any award by the arbitrator may be entered in any court having jurisdiction over claims of the amount of the award. We agree that the transactions between us are in interstate commerce and this agreement shall be subject to 9 U.S.C. Secs. 1-14, as amended.
 
 
 4
 Exhibit B attached to Complaint (Exhibit 1 attached to Affidavit of Peter W. Carter (Oct. 19, 1993)).
 
 
 5
 The district court found that this arbitration clause covers the individual claims of Gammaro and that the clause is not unconscionable, and consequently ordered the parties to proceed to arbitration. The court later dismissed the class allegations as well. Gammaro v. Thorp Consumer Discount Co., 828 F.Supp. 673 (D.Minn.1993).
 
 II
 
 6
 Gammaro asserts that we have jurisdiction over this appeal under one of two jurisdictional provisions. He argues that the district court's order is either a "final decision with respect to an arbitration" under 9 U.S.C. Sec. 16(a)(3) or a final decision under 28 U.S.C. Sec. 1291. Thorp argues, however, that our jurisdiction is precluded by 9 U.S.C. Sec. 16(b)(2), which prohibits immediate appeal from interlocutory orders "directing arbitration to proceed." Although our court has not previously had an opportunity to address the appealability of orders to arbitrate, the need for a lengthy discussion is somewhat obviated by our reliance on a number of well-reasoned decisions handed down in recent years by our fellow circuits.
 
 
 7
 * The Federal Arbitration Act, codified as amended at 9 U.S.C. Secs. 1-16, was originally enacted in 1925. "Its purpose was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, ----, 111 S.Ct. 1647, 1651, 114 L.Ed.2d 26 (1991). Its "provisions manifest a 'liberal federal policy favoring arbitration agreements.' " Id. (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)). That liberal federal policy was further evidenced by Congress's passage of the 1988 amendment to the FAA, now codified at 9 U.S.C. Sec. 16, by which "it endeavored to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration." Filanto, S.P.A. v. Chilewich Int'l Corp., 984 F.2d 58, 60 (2d Cir.1993).
 
 
 8
 Congress did not implement that policy fully, however, for while the statute provides that "appeal[s] may not be taken from ... interlocutory order[s] directing arbitration to proceed," 9 U.S.C. Sec. 16(b)(2), it further provides that "appeal[s] may be taken from ... final decision[s] with respect to ... arbitration." Id. Sec. 16(a)(3). In applying these provisions, a clear majority of our fellow circuits have determined that Congress simply "built upon the distinction the courts had previously recognized between so-called 'independent' proceedings and so-called 'embedded' proceedings." Filanto, 984 F.2d at 60; see, e.g., Humphrey v. Prudential Sec. Inc., 4 F.3d 313, 317, 318 (4th Cir.1993); McDermott Int'l, Inc. v. Underwriters at Lloyds, 981 F.2d 744, 747 (5th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 2442, 124 L.Ed.2d 660 (1993); Perera v. Siegel Trading Co., 951 F.2d 780, 784 (7th Cir.1992). But see Arnold v. Arnold Corp., 920 F.2d 1269 (6th Cir.1990).
 
 
 9
 Independent proceedings have been defined as those in which "the only issue before the court is the dispute's arbitrability," McDermott, 981 F.2d at 747, while embedded proceedings are, in short, all other proceedings in which the question of arbitration arises. In an embedded proceeding, that is to say, one party or the other seeks "some relief other than an order requiring or prohibiting arbitration (typically some relief concerning the merits of the allegedly arbitrable dispute)." Filanto, 984 F.2d at 60.
 
 
 10
 Applying this distinction to Gammaro's suit is rather straightforward. Gammaro alleged violations of state and federal law and sought to form a plaintiff class. Thorp responded by moving to compel arbitration. The action before us is a typical example of an embedded proceeding, and under the construction of section 16 we adopt today, we are therefore without jurisdiction to hear this appeal.
 
 B
 
 11
 Although Gammaro raises a separate argument for jurisdiction under 28 U.S.C. Sec. 1291, our construction of 9 U.S.C. Sec. 16 precludes that argument. Section 1291 provides jurisdiction over appeals from final decisions, yet we have already determined that the decision below is interlocutory in nature. Section 16(b) only allows appeal from such interlocutory orders under 28 U.S.C. Sec. 1292(b), which has no applicability to the appeal before us. Gammaro's argument that the district court's order constitutes a final decision must succeed under section 16(a)(3), then, or not at all.
 
 III
 
 12
 As the foregoing discussion indicates, the instant appeal must be dismissed. The line we have drawn, borrowed from our fellow circuits though it may be, is nonetheless harsh, as Gammaro has not hesitated to inform us. Its harshness is not without reason, however.
 
 
 13
 The FAA evidences a "pro-arbitration tilt," which "requires that, with respect to embedded actions, the party opposing arbitration ... bear the initial consequence of an erroneous district court decision requiring arbitration." Filanto, 984 F.2d at 61. Our adoption of the same bright-line rule adopted in Humphrey and Perera--i.e., "that an embedded proceeding may not give rise to a final decision subject to section 16(a)(3) review, even when all the claims in which the arbitration issue is embedded are resolved," Humphrey, 4 F.3d at 318--is merely a product of Congress's purpose. Were we to provide for a more attenuated, case-by-case determination of jurisdiction, we would undermine that very purpose.
 
 
 14
 Under the rule adopted today, parties are expected to comply expeditiously with orders compelling arbitration in embedded proceedings. We expect that Gammaro and Thorp will comply with the district court's order and proceed to arbitration as quickly as possible. In order to effect Congress's purpose, federal courts should brook no delay in requiring compliance with orders compelling arbitration. Future appeals from such orders in embedded proceedings will be subject to dismissal without opinion, sua sponte if necessary. If a party anticipates that an opponent will move to compel arbitration, and that party wishes to have quick appellate review of that decision, it need simply bring an independent action to resolve that question.
 
 
 15
 The rule adopted today does not preclude review of Gammaro's claims on the merits. His statutory claims have been referred to arbitration as the FAA provides. See Gilmer, 500 U.S. at ----, 111 S.Ct. at 1652 (subject to certain narrow exceptions, "statutory claims may be the subject of ... arbitration agreement[s], enforceable pursuant to the FAA"). Review of the arbitrator's decision will therefore be limited to that provided by sections 10 and 11 of the FAA and to whatever additional judicial review this court may deem appropriate. See Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 749-51 (8th Cir.) (listing additional grounds for review adopted by other circuits, but declining to decide whether to adopt any of them), cert. denied, 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986).
 
 
 16
 Gammaro's claim that the arbitration clause is unconscionable and his class action allegations are not subject to such limited review, however. Should Gammaro seek review in this court following a petition to enforce or vacate the arbitrator's award in district court, those claims will then be subject to full review on the merits. Although the district court's dismissal of the class allegations may evade review if Gammaro does not later seek such review, this situation does not differ significantly from that of a litigant seeking to represent a class in any other type of litigation. An order denying class certification routinely forces individuals to litigate their individual claims before arriving at a final decision subject to review. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Similarly, Gammaro must arbitrate his claim before he may seek review of his class allegations. Although the situations are not identical, their similarity is sufficient that, given Congress's intent to postpone review of orders compelling arbitration in embedded proceedings, we will not make an exception to 9 U.S.C. Sec. 16(b)(2) for class certification questions.IV
 
 
 17
 Gammaro appeals the district court's order compelling arbitration in an embedded proceeding. Finding that Congress has specifically curtailed our jurisdiction in this respect, and that adoption of a bright-line rule will best advance Congress's intent, we dismiss this appeal and direct the parties to proceed to arbitration without delay.
 
 
 
 *
 The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time the case was submitted, and took senior status January 1, 1994, before the opinion was filed
 
 
 [1]
 Gammaro also made a post-argument motion for additional briefing on a number of issues. We find such additional briefing unnecessary, and therefore deny the motion