**In the Matter of M.C., An Allegedly Delinquent Child.**

No. 18585.

Supreme Court of South Dakota.

Argued May 23, 1994.

Decided Feb. 1, 1995.

Jon E. Arneson, Sioux Falls, for appellant Argus Leader.

Delmar Walter, Minnehaha County Public Defender, Sioux Falls, for M.C., child.

AMUNDSON, Justice.

Argus Leader appeals the trial court's order denying access to a juvenile proceeding. We affirm.

## FACTS

On September 1, 1993, M.C., a minor, allegedly shot and killed another minor. As a result of this incident, a juvenile delinquency petition was filed against M.C. in Sioux Falls, South Dakota.

On November 10, 1993, the Argus Leader (Argus), a Sioux Falls newspaper, filed a motion to open further proceedings and to obtain a transcript of the transfer hearing. Both motions were based on the same ground, i.e., there is a compelling reason to open the juvenile hearings pursuant to SDCL 26–7A–36.[1] At a motion for access hearing on November 29, 1993, Argus' counsel and M.C.'s counsel presented oral arguments in favor of and in opposition to the motions. No evidence was presented.

After hearing arguments from each party, the trial court asked Argus' counsel to propose an order for access which would comply with SDCL 26–7A–38.[2] The Argus declined this offer and renewed its request for unqualified access.

The trial court issued an order closing all proceedings and denying access to the transfer hearing transcript because Argus failed to present "compelling reasons to require otherwise" as prescribed by SDCL 26–7A–36. Argus appeals. We affirm.

1. SDCL 26–7A–36 provides:
   All hearings in actions under this chapter and chapter 26–8A, 26–8B or 26–8C are closed unless the court finds compelling reasons to require otherwise.

2. SDCL 26–7A–38 provides:
   The name, picture, place of residence or identity of any child, parent, guardian, custodian or any person appearing as a witness in proceed-

## ISSUES

I. Did the trial court correctly apply the balancing test for determining access to the juvenile hearings?

   a. Did the trial court correctly place the burden of proof and persuasion on the Argus?

   b. Did the trial court adequately consider the public's interest in open proceedings and the qualified constitutional right to access?

   c. Was the trial court's conclusion that the alleged delinquent act did not present "compelling reasons" clearly erroneous?

   d. Did the trial court err in ruling that none of the previous record in this case was properly within the scope of the access hearing?

II. Did the trial court abuse its discretion in refusing access to a redacted transcript of the SDCL 26–11–4 transfer hearing?

## STANDARD OF REVIEW

The constitutionality of SDCL 26–7A–36 is not challenged in this case. Therefore, we review the trial court's order closing hearings under the abuse of discretion standard. *Associated Press v. Bradshaw*, 410 N.W.2d 577, 579 (S.D.1987). "An abuse of discretion 'refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence.' " *Matter of Hughes County Action No. Juvenile 90–3*, 452 N.W.2d 128, 133 (S.D.1990) (quoting *People in the Interest of D.H.*, 408 N.W.2d 743, 745 (S.D.1987)).

The trial court's findings of fact will not be disturbed unless they are clearly erroneous and we are, after a review of all the evidence, left with a definite and firm conviction that a mistake has been made. *In re*

ings under this chapter or chapter 26–8A, 26–8B or 26–8C may not be published or broadcast in any news media or given any other publicity, unless for good cause it is specifically permitted by order of the court. Violation of this section creates a cause of action for civil damages on behalf of the child and is subject to the same punishment as contempt of court.

*J.A.H.*, 502 N.W.2d 120 (S.D.1993). Conclusions of law are reviewed de novo. *Permann v. S.D. Dept. of Labor, Unemp. Ins. Div.*, 411 N.W.2d 113, 117 (S.D.1987).

## DECISION

### ISSUE I

### DID THE TRIAL COURT CORRECTLY APPLY THE BALANCING TEST FOR DETERMINING ACCESS TO THE JUVENILE HEARINGS?

Prior to 1991, the law in South Dakota afforded the general public access to juvenile court hearings unless a request to close the hearings was made by the child, his parents, or their attorney. *See* SDCL 26-8-32 (repealed 1991).[3] In 1991, the legislature restricted the public's right to access juvenile hearings by enacting SDCL 26-7A-36. That statute provides: "All [juvenile court] hearings ... are closed unless the court finds compelling reasons to require otherwise."

Argus argues that the trial court failed to correctly apply a balancing test used by this court in construing the former juvenile closure statute. *Associated Press*, 410 N.W.2d at 579.[4] This balancing test no longer applies as the legislature has abrogated the presumption of open juvenile hearings.

### Issue Ia

Did the trial court correctly place the burden of proof and persuasion on the Argus?

Argus claims the trial court erred by placing the burden of proof and persuasion on them. We find this claim to be lacking merit.

■ " 'Ordinarily the burden of proof follows the pleadings, that is, he who pleads and relies upon the affirmative of an issue must carry the burden of proving it. This proposition is well established.' " *Frank Stinson*

*Chevrolet, Inc. v. Connelly*, 356 N.W.2d 480, 482 (S.D.1984) (quoting *Verschoor v. Miller*, 259 Iowa 170, 143 N.W.2d 385, 388 (1966)). SDCL 26-7A-36 provides that juvenile proceedings are "closed unless the court finds compelling reasons to require otherwise." Argus filed the motion to open these hearings; therefore, it bears the burden of proving to the court that "compelling reasons" require open proceedings. SDCL 26-7A-36.

### Issue Ib

Did the trial court adequately consider the public's interest in open proceedings and the qualified constitutional right to access?

Argus argues that the trial court did not adequately consider the overwhelming public interest and the qualified constitutional right of access to open hearings.

■ The trial court was not able to accurately assess these interests because there was no evidence presented at the access hearing; only argument of counsel. Argument by the parties' counsel is not evidence. SDCL 26-7A-36 specifically requires that the court find "compelling reasons" before opening juvenile hearings to the public. Despite the lack of evidence, the record clearly indicates the trial court considered the public interest. In its decision, the trial court wrote:

> There was no mention of having received a good many letters from the public about this case which, while hardly a final barometer of public opinion and thought, might give some small indication as to how the public perceived events. No other media group, save the KELO TV station, asked to be included in or moved to open the hearings. No other TV or radio stations, public or private, have asked entry and there are numerous stations in this area.

3. SDCL 26-8-32 provided:
   Upon the trial or hearing of cases arising under this chapter, the court shall admit the general public to the hearing room, except when the child, his parents or their attorney request that the hearing be private, and in that event the court may admit only such persons as may have a direct interest in the case, witnesses, officers of the court and news media representatives. Summons may be issued requiring the appearance of

any other person whose presence the court deems necessary.

4. The court required balancing the First Amendment rights of the public, the press and the defendant with the defendant's Sixth Amendment right to a fair trial, together with the State's interests in preserving the juvenile offender's anonymity and general protection over juveniles. *Associated Press*, 410 N.W.2d at 579.

Not even the victim's family has asked admittance. The point to be made is that the applicant suggests the public has this great driving interest in this case; yet it produces no evidence demonstrating so.

Argus claims they have a "qualified constitutional right of access." We agree; however, the legislature has modified this qualified right of access by requiring "compelling reasons" before such access will be permitted. SDCL 26-7A-36 is clear and unambiguous. The legislature did not intend to allow the media or the general public open access to juvenile hearings.

There are obviously competing interests in this case between the public right to know and the juvenile's right to remain anonymous. Such competing interests were discussed in *In re J.D.C.*, 594 A.2d 70, 76 (D.C.App.1991), where the court held:

> The competing interest of the press or of a member thereof to attend a specific juvenile proceeding stands on far less firm footing. Adult criminal trials have traditionally been open to the public, and representatives of the media have a right to attend them. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572, 580, 100 S.Ct. 2814, [2825] 2829, 65 L.Ed.2d 973 (1980). These principles do not control, however, where the interests of a minor child are at issue. (cites omitted) As the court explained in *Edward A. Sherman Publishing Co. v. Goldberg*, —— R.I. ——, 443 A.2d 1252, 1258 (1982),
>
> > [t]he right of access to criminal trials as established in *Richmond Newspapers* ... does not apply to juvenile proceedings. The principal of an open trial has as its goals the protection of defendant against possible prosecutorial or judicial abuse. The interest of the juvenile, however, are most often best served by anonymity and confidentiality.

In this case, the trial court correctly denied access to the juvenile hearings because the best interest of the child required keeping the proceedings closed. The purpose behind closed juvenile proceedings is to "protectively rehabilitate juveniles," in which "the maintenance of confidentiality is a necessary corollary of that purpose." *San Bernardino Cty. DSS v. Superior Court*, 232 Cal.App.3d 188, 283 Cal.Rptr. 332, 339 (4 Dist.1991). The Argus presented no evidence to outweigh this protective design, which would have prevailed over the service of such interest.

### Issue Ic

Was the trial court's conclusion that the alleged delinquent act did not constitute "compelling reasons" clearly erroneous?

█ Argus claims the trial court erroneously concluded that the nature and circumstances of the alleged delinquent act were not compelling reasons to open the hearings. We disagree. The fact that this incident is of extreme consequence does not *ipso facto* force opening the juvenile hearings. Evidence must demonstrate that "compelling reasons" exist before opening the juvenile court doors. SDCL 26-7A-36.

If the legislature intended that certain alleged criminal conduct on the part of a juvenile would constitute automatic opening of the proceedings, the legislature, in its wisdom, would have certainly so stated. An example of such an exercise of legislative prerogative is contained in West's Ann.Cal. Welf. & Inst.Code Section 676, which provides as follows:

(a) Unless requested by the minor concerning whom the petition has been filed and any parent or guardian present, the public shall not be admitted to a juvenile court hearing. Nothing in this section shall preclude the attendance of up to two family members of the prosecuting witness for the support of that witness, as authorized by Section 868.5 of the Penal Code. The judge or referee may nonetheless admit those persons he or she deems to have a direct and legitimate interest in the particular case or the work of the court. However, except as provided in subdivision (b), members of the public shall be admitted on the same basis as they may be admitted to trials in a court of criminal jurisdiction to hearings concerning petitions filed pursuant to Section 602 alleging that a minor is a person described in Section

602 by reason of the violation of anyone of the following offenses:

(1) Murder.

Likewise, the South Dakota Legislature has not provided for an automatic opening of juvenile proceedings based on the nature of the delinquent act.

We disagree, however, with the trial court's rationale that Argus' quest for access fails because the statute requires "compelling *reasons*" not a "compelling *reason.*" This singular/plural rationale is insufficient to deny access. SDCL 2–14–6 provides: "Words used in the singular number include the plural, and the plural, the singular, except where a contrary intention plainly appears."

Nevertheless, we find that the trial court did not err in concluding that the circumstances were not "compelling reasons" to award Argus access. Argus cannot rest upon its assumption that the criminal charge alone carries the day. The mere fact that a juvenile was involved in a homicide, by itself, does not constitute "compelling reasons" for open hearings in this jurisdiction. SDCL 26–7A–36. There must be more evidence produced than just the nature of the alleged offense.

### Issue Id

Did the trial court err in ruling that none of the previous record in this case was properly within the scope of the access hearing?

Argus argues that the trial court erred in ruling that none of the prior juvenile record of this incident was within the scope of the access hearing. We disagree. Argus has not shown the trial court disregarded the record surrounding this delinquent act.

In its decision the trial court stated, "[t]he position by applicant [Argus] is rather disingenuous for it asks the Court to use facts not part of this hearing and not public to support its request without developing facts anew upon which a ruling can be made." The record indicates the trial court considered the juvenile's "private record" in making its decision. The trial court noted: "There has been evidence presented which demonstrates that guidance, control, and rehabilitation of the child are achievable goals." This "evidence" was *not* presented during the access hearing. Therefore, the trial court gleaned this information from the prior record. After reviewing the trial court's decision, it is clear that the prior record was considered. Regardless of this consideration, "[e]ven assuming that no 'facts' in addition to these of the 'private record' are needed, more than the nature of the charge is required." Accordingly, Argus's argument fails on appeal.

Since "compelling reasons" have not been shown in this record, Argus was not erroneously denied access to these proceedings.

### ISSUE II

### DID THE TRIAL COURT ABUSE ITS DISCRETION IN REFUSING ACCESS TO A REDACTED TRANSCRIPT OF THE SDCL 26–11–4 TRANSFER HEARING?

■ Argus claims a transcript should be made available because it can be "narrowly tailored" to protect confidential information through editing. However, the "narrowly tailored" language is no longer applicable as it was used in interpreting a statute which has since been repealed. *See Associated Press,* 410 N.W.2d at 580; SDCL 26–8–32, (repealed in 1991). The trial court correctly denied access to the transfer hearing transcripts because no evidence of "compelling reasons" was presented.

If Argus feels that the underlying purposes of our juvenile laws are outmoded and no longer valid, it should not look to this court, but to the legislature to change the law. *In re J.S.,* 140 Vt. 458, 438 A.2d 1125, 1131 (1981). Only the legislature has the power to relax the limitations imposed by SDCL 26–7A–36 upon the general public and the news media if it believes that objective more desirable than the present law. *Id.* As of the commencement of the juvenile hearings involving M.C., however, the legislative intent is clear. *Id.* Juveniles, as a class, are shielded from public exposure of hearings conducted in juvenile court to determine delinquency. *Id.*

Argus' interpretation would "put an effective end to what has been the idealistic prospect of an intimate, informal protective proceeding." *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).

Justice· Rehnquist has reiterated the Supreme Court's concern for maintaining the confidentiality of juvenile proceedings:

"It is a hallmark of our juvenile justice system in the United States that virtually from its inception at the end of the last century its proceedings have been conducted outside of the public's full gaze and the youths brought before our juvenile courts have been shielded from publicity. This insistence on confidentiality is born of a tender concern for the welfare of the child, to hide his youthful errors and 'bury them in the graveyard of the forgotten past.' The prohibition of publication of a juvenile's name is designed to protect the young person from the stigma of his misconduct and is rooted in the principle that a court concerned with juvenile affairs serves as a rehabilitative and protective agency of the State."

*In re J.S.*, 438 A.2d at 1128 (quoting *Smith v. Daily Mail Publishing Co.*, 443 U.S. 97, 107, 99 S.Ct. 2667, 2673, 61 L.Ed.2d 399 (1979) (Rehnquist, J., concurring) (citations omitted)).

After reviewing the entire record, we find that the trial court's order closing the hearings and denying a transfer hearing transcript was a proper exercise of discretion. "[I]t is the law's policy 'to hide youthful errors from the full gaze of the public and bury them in the graveyard of the forgotten past.'" *In re Gault*, 387 U.S. 1, 24, 87 S.Ct. 1428, 1442, 18 L.Ed.2d 527 (1967).

The trial court's order is affirmed. The request by M.C. for appellate attorney's fees is denied. M.C. submitted no authority for awarding attorney's fees. Therefore, under precedent of this court, the issue is waived. *City of Sioux Falls v. Kelley*, 513 N.W.2d 97, 105–06 (S.D.1994).

MILLER, C.J., SABERS, J., and WUEST and HENDERSON, Retired Justices, concur.

KONENKAMP, J., not having been a member of the Court at the time this matter was submitted to the Court did not participate.