1996 SD 24

**In the matter of the GUARDIANSHIP OF Shelbi L. PETRIK, A Minor Child.**

No. 19281.

Supreme Court of South Dakota.

Considered on Briefs Feb. 14, 1996.

Decided March 6, 1996.

Lon J. Kouri, May, Johnson, Doyle & Becker, Sioux Falls, for petitioners and appellants, Dale A. Petrik and Kristi K. Petrik.

Thomas E. Alberts, Avon, for appellee Matthew F. Gaffey, guardian ad litem, for Shelbi L. Petrik.

GILBERTSON, Justice.

[¶ 1] Dale and Kristi Petrik appeal the circuit court's order denying their petition to remove Matthew Gaffey as guardian ad litem of their infant daughter, Shelbi Petrik. We affirm.

### FACTS AND PROCEDURE

[¶ 2] On August 17, 1994, eighteen-month-old Shelbi Petrik was visiting at the home of her grandparents, Donald and Marlene Petrik, and was severely bitten by their dog in front of her five- or six-year-old brother. This dog, alleged to be half wolf and half German shepherd, has bitten children, cousins of Shelbi, on two separate occasions. On this particular occasion, Shelbi suffered extensive lacerations on her face, neck and head, exposing her cheekbone, jaw, and jugular vein. Shelbi's injuries required her to undergo emergency surgery in Mitchell, South Dakota. She was given 300 stitches and was hospitalized for six days. She continues to require medical attention and will have to undergo further surgeries to correct scarring and assist in limiting disfigurement.

[¶ 3] Her grandparents own a liability insurance policy issued by DeSmet Farm Mutual Insurance Company. William Poppen, an adjuster, handled the matter for the insurance company and negotiated a tentative settlement between the grandparents as the

owners of the dog and the parents of Shelbi on Shelbi's behalf. Poppen determined the present medical claims to be $11,379.38 [1] and the future medical claims to be $7,500.00. Poppen, on behalf of the insurance company, offered Shelbi's parents a settlement of all her claims, present and future, in the amount of $36,000.00. Poppen informed Dale and Kristi Petrik that court approval was required for the settlement.

[¶ 4] Petriks consulted with their attorney, Ken Cotton, who turned the matter over to his associate, attorney Scott Podhradsky. According to Kristi, Podhradsky informed her that because the amount was in excess of $10,000, she could not be appointed as Shelbi's guardian ad litem.[2] Also according to Kristi, Podhradsky further recommended attorney Matthew Gaffey to Kristi Petrik to act as guardian ad litem. Kristi subsequently signed a petition requesting the appointment of Gaffey as Shelbi's guardian ad litem in the matter. The nunc pro tunc order was signed May 15, 1995 which corrected two previously defective orders filed March 22 and April 13, 1995. The corrected order stated Gaffey's appointment was pursuant to SDCL 15–6–17(c) and entered nunc pro tunc to April 13, 1995.

[¶ 5] Gaffey visited Shelbi Petrik and observed her injuries on May 2, 1995. Following that visit, he attempted to contact Poppen on several occasions and was unsuccessful. Gaffey consulted with attorney Tim Alberts who was also unsuccessful in Alberts' attempts to contact Poppen. Being unable to consummate the settlement agreement, Gaffey entered into a contingency fee agreement with Alberts and the Whalen Law Offices, P.C., to pursue a lawsuit on Shelbi's behalf. Gaffey is associated with Whalen Law Offices but Alberts is not. On May 8, 1995, Gaffey commenced a personal injury lawsuit against Donald and Marlene Petrik, without the knowledge or consent of Shelbi's parents.

[¶ 6] There is evidence that the accident and subsequent events have caused discord among the family members. Kristi reported to Gaffey that her husband, Dale, and his parents, Donald and Marlene, applied pressure to have the lawsuit dismissed. There is also evidence in the record that Shelbi's medical providers have been pressuring the family to pay Shelbi's medical bills. Within a few days of the filing of the impending lawsuit, Kristi filed for a Protection Order protecting herself and her children from Dale and his activities in this matter. Pursuant to the Protection Order, the Department of Social Services became involved. A guardian ad litem, attorney Keith Goehring, was appointed for Shelbi's brother.

[¶ 7] The lawsuit was answered by an attorney acting for Donald and Marlene Petrik. The following day the attorney for Dale and Kristi Petrik filed a petition requesting Gaffey's removal as Shelbi's guardian ad litem. The hearing was held June 28, 1995, at the beginning of which the court informed the parties there was one hour available and that if the parties were not finished they could return at a later date. At the end of the hearing, the court denied Dale and Kristi Petrik's petition for removal of the guardian ad litem. Subsequent to the hearing, attorney Timothy Whalen of the Whalen Law Offices and an attorney of record in the personal injury lawsuit moved for his withdrawal from the lawsuit. The court granted permission for Whalen's withdrawal July 14, 1995.

[¶ 8] Dale and Kristi Petrik appeal the court's order denying their petition and raise the following issues:

1.  Whether the circuit court erred because removal of the guardian ad litem was appropriate due to a mistake of law?

2.  Whether the circuit court erred because removal of the guardian ad litem was appropriate due to failure of notice of the appointment to Dale Petrik?

---

1.  However, it should be noted that in Kristi Petrik's petition to the court for appointment of a guardian ad litem for Shelbi, she stated the medical bills incurred as of March 22, 1995 totaled approximately $14,000.00.

2.  Both sides agree that this is not the law in South Dakota and the advice was erroneous.

3. Whether the circuit court erred because removal of the guardian ad litem was appropriate due to a conflict of interest?

## STANDARD OF REVIEW

[¶ 9] The appointment of a guardian ad litem under SDCL 15–6–17(c) is made as the court "deems proper for the protection of the minor." As such, the appointment involves the discretionary powers of the court and is reviewed under an abuse of discretion standard. "An abuse of discretion 'refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence.'" *In re* M.C., 527 N.W.2d 290, 291 (S.D.1995) (quoting *Matter of Hughes County Action No. Juvenile 90–3*, 452 N.W.2d 128, 133 (S.D.1990)).

[¶ 10] The basis for the circuit court's denial of Petriks' petition for removal of Gaffey as guardian ad litem was a matter of law. We review conclusions of law de novo. *M.C.*, 527 N.W.2d at 292 (citing *Permann v. SD Dep't of Labor*, 411 N.W.2d 113, 117 (SD 1987)).

## ANALYSIS AND DECISION

[¶ 11] Dale and Kristi argue the denial of their petition was erroneous because of mistaken legal advice they received, failure of Dale to receive notice of the appointment, and that a conflict of interest existed which was not in Shelbi's best interests. Gaffey claims these issues were not argued before the circuit court and are therefore not proper for this Court's review. This Court has repeatedly stated it will not decide issues until the circuit court has the opportunity to pass upon them. *Fanning v. Iversen*, 535 N.W.2d 770, 776 (S.D.1995); *Fullmer v. State Farm Ins. Co.*, 514 N.W.2d 861, 867 (S.D.1994).

[¶ 12] A review of the hearing transcript reveals the continued insistence upon and adherence to a single issue by Dale and Kristi's attorney: whether SDCL Ch. 30–36 was properly followed in the establishment of the guardianship. The circuit court correctly found, and informed Dale and Kristi's attorney, that the statutes under this chapter are not applicable. The court found the one case cited as supporting authority by Dale and Kristi's attorney, which the attorney admitted he had not read, was not applicable. The court further found and informed Dale and Kristi's attorney that the guardian ad litem was appointed pursuant to SDCL 15–6–17(c) and, according to the plain language of that statute, the only issue under that statute would be whether the judge who made the appointment did anything improper. In response, Dale and Kristi's attorney specifically stated "that particular issue goes beyond the scope of . . . the hearing." No other hearing was requested or scheduled for such an argument by Dale and Kristi.

[¶ 13] We find that Dale and Kristi did not make the arguments to the circuit court which they are now attempting to bring before this Court. Further, Dale and Kristi fail to argue any error by the circuit court in its sole decision that SDCL Ch. 30–36 does not apply. Dale and Kristi cite no authority to the contrary. Under the authorities cited above, we deem the issues raised in Dale and Kristi's brief waived. The circuit court's order denying the removal of Gaffey as Shelbi Petrik's guardian ad litem is affirmed.

[¶ 14] However, as further proceedings will undoubtedly arise in this matter, we offer the following analysis to the circuit court, counsel, and the parties. SDCL Ch. 30–36, effective July 1, 1993, which was transferred in 1995 to SDCL Ch. 29A–5 and SDCL 33–6–10, is South Dakota's Guardianship and Conservatorship Act. SDCL 29A–5–102(4) provides the term "guardian" within the scope of that chapter "excludes one who is merely a guardian ad litem." SDCL 29A–5–117 provides "[n]othing in this chapter precludes the appointment of an attorney, guardian ad litem, or court representative if the court determines that such appointment is necessary." Shelbi's guardian ad litem was appointed under the authority of SDCL 15–6–17(c), which provides in part:

> The court shall appoint a guardian ad litem for a minor or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the minor or incompetent person and may make such appointment notwithstanding

an appearance by a guardian or conservator.

[¶ 15] The appointment of a guardian ad litem is procedural and the statutory language indicates a reliance upon the court's discretionary powers to weigh such matters as conflicts of interest. Courts have authorized the appointment of a guardian ad litem where it is apparent the dispute is "centered on the desire of the parents [and grandparents] rather than the best interests of the child." *Dees v. Dees*, 41 Wis.2d 435, 164 N.W.2d 282, 287 (1969); *Mawhinney v. Mawhinney*, 66 Wis.2d 679, 225 N.W.2d 501, 504 (1975). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, parents have no right to act as guardians ad litem." *M.S. v. Wermers*, 557 F.2d 170, 175 (8thCir.1977). Where a guardian ad litem has been appointed, the court stands in a position of *parens patriae* and must act in the best interests of the minor. The duty of a court-appointed guardian ad litem of a minor is to the court and not to the parents of a minor. *Gerber v. Peters*, 584 A.2d 605, 607 (Me.1990).

[¶ 16] We would be remiss if we did not note the allegations of a conflict of interest by the guardian ad litem against Dale Petrik, Donald Petrik and Marlene Petrik concerning the settlement of this case. While we do not reach these issues herein, the allegations are sufficient for us to recommend to the trial court that upon proper application by the guardian ad litem or other authorized party, the circuit court conduct an evidentiary hearing to consider the necessity of appointing a limited conservator over Shelbi's financial affairs pursuant to SDCL 29–5A after the duties of the guardian ad litem are completed.

[¶ 17] MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., concur.