1997 SD 30

**DAKOTA WESLEYAN UNIVERSITY,**
Plaintiff and Appellee,

v.

**HPG INTERNATIONAL, INC.,**
Defendant and Appellant.

Nos. 19484, 19485.

Supreme Court of South Dakota.

Considered on Briefs Dec. 5, 1996.

Decided March 26, 1997.

John S. Theeler, John F. Cogley, Melissa O'Rourke of Morgan, Theeler, Cogley & Petersen, Mitchell, for plaintiff and appellee.

Gary J. Pashby and Lisa Hansen Marso of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendant and appellant.

MILLER, Chief Justice.

[¶ 1.] Dakota Wesleyan University (DWU) commenced an action against HPG International, Inc. (HPG), a New York corporation, to recover damages for an alleged breach of warranty in connection with a roofing project on its campus. The trial court concluded that the dispute was subject to arbitration, pursuant to the written agreement of the parties. However, the trial court found the situs provision of the arbitration agreement

to be unreasonable and ordered that arbitration take place in South Dakota and apply New York law. HPG appeals the trial court's ruling regarding situs of the arbitration. We dismiss the appeal.

## FACTS

[¶ 2.] The facts surrounding the quality of or defects in the subject roof are immaterial to this appeal. Suffice it to say, the specifications of the roof project required bidders to provide a roof membrane with a ten-year renewable warranty of watertightness to cover both materials and labor required to repair leaks caused by structural movement. The roof membrane was provided by Dynamit Nobel of America, Inc. (Dynamit) and warranted by Dynamit's successor in interest, HPG.

[¶ 3.] The roof membrane warranty contained a provision for arbitration of disputes arising from the warranty agreements which provided:

> Except as provided below, any controversy or claims arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, at the New York Regional Office, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.

[¶ 4.] Shortly after completion of the project, DWU began to experience problems with roof leakage. These problems continued for a number of years and repairs to the roof failed to remedy the problem. Eventually, DWU replaced the roof membrane and repaired the water damage at its own expense. DWU brought suit against HPG alleging breach of warranty. HPG sought to enforce the mandatory arbitration clause in the warranty documents. The trial court compelled arbitration but concluded that the situs provision of the agreement was unreasonable. The trial court, therefore, ordered that the arbitration take place in South Dakota and apply New York law.

[¶ 5.] Because our jurisdiction in this matter is precluded by 9 USC § 16, which prohibits immediate appeals of interlocutory orders compelling arbitration, we dismiss the appeal.

## DECISION

[¶ 6.] The Federal Arbitration Act (FAA) preempts state law and governs all written arbitration agreements in contracts involving interstate commerce. *Allied–Bruce Terminix Cos., Inc. and Terminix Int'l Co., v. Dobson*, 513 U.S. 265, ——, 115 S.Ct. 834, 838, 130 L.Ed.2d 753, 763 (1995). As the contract between these parties clearly involves interstate commerce, we turn to the FAA for guidance in determining whether the circuit court's order to compel arbitration is appealable.

[¶ 7.] The FAA, codified as amended at 9 USC §§ 1–16, evidences a "'liberal federal policy favoring arbitration agreements.'" *Gammaro v. Thorp Consumer Discount Co.*, 15 F.3d 93, 95 (8thCir.1994) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 111 S.Ct. 1647, 1651, 114 L.Ed.2d 26, 36 (1991)). This pro-arbitration policy "endeavor[s] to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration." *Filanto, S.P.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 60 (2dCir.1993). Appeals from orders concerning arbitration agreements are limited and specifically enumerated at 9 USC § 16:

(a) An appeal may be taken from—

  (1) an order—

    (A) refusing a stay of any action under section 3 of this title,

    (B) denying a petition under section 4 of this title to order arbitration to proceed,

    (C) denying an application under section 206 of this title to compel arbitration,

    (D) confirming or denying confirmation of an award or partial award, or

    (E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

[¶ 8.] This pro-arbitration policy has not been fully implemented, however. While the statute provides that "an appeal may not be taken from an interlocutory order . . . directing arbitration to proceed[,]" 9 USC § 16(b)(2), the statute also provides that "[a]n appeal may be taken from . . . a final decision with respect to an arbitration[.]" 9 USC § 16(a)(3). These provisions build upon the previously recognized distinction between "so-called 'independent' proceedings and so-called 'embedded' proceedings." *Gammaro,* 15 F.3d at 95 (quoting *Filanto,* 984 F.2d at 60).

◼ [¶ 9.] A suit is an "independent" proceeding when the only issue before the court is whether the dispute is subject to arbitration and no other relief is sought by the parties. *McDermott Int'l, Inc., v. Underwriters at Lloyd's,* 981 F.2d 744, 747 (5thCir.), *cert. denied,* 508 U.S. 951, 113 S.Ct. 2442, 124 L.Ed.2d 660 (1993); *Filanto,* 984 F.2d at 60; *Stedor Enters. Ltd. v. Armtex, Inc.,* 947 F.2d 727, 731 (4thCir.1991); *Matter of Chung and President Enters. Corp.,* 943 F.2d 225, 227–28 (2dCir.1991). If the only issue is whether arbitration is required, the proceeding is independent and the party opposing arbitration may immediately appeal the order compelling arbitration. *Filanto,* 984 F.2d at 60.

◼ [¶ 10.] "Embedded" proceedings are proceedings in which a party seeks " 'some relief other than an order requiring or prohibiting arbitration (typically some relief concerning the merits of the allegedly arbitrable dispute).' " *Gammaro,* 15 F.3d at 95 (quoting *Filanto,* 984 F.2d at 60). Orders denying arbitration in embedded proceedings are immediately appealable. 9 USC § 16(a)(1)(A)–(C), (a)(2). *See also Com–Tech Assocs. v. Computer Assocs. In'l Inc.,* 938 F.2d 1574, 1576 (2dCir.1991) (allowing appeal of anti-arbitration order in embedded case). Orders compelling arbitration in embedded proceedings are not immediately appealable. *Filanto,* 984 F.2d at 60. "In effect, the pro-arbitration tilt of the statute requires that, with respect to embedded actions, the party opposing arbitration must bear the initial consequence of an erroneous district court decision requiring arbitration." *Id.* at 61.

[¶ 11.] The limited circumstances in which appeals are allowed under the FAA are consistent with the "strong congressional policy against appeals that delay the onset of arbitration." *Stedor,* 947 F.2d at 728. By limiting appeals from orders compelling arbitration,

> Congress sought to prevent parties from frustrating arbitration through lengthy preliminary appeals by providing that, "if the district court determine[s] that arbitration is called for, the court system's interference with the arbitral process will terminate then and there, leaving the arbitration free to go forward."

*Domino Sugar v. Sugar Workers Local 392,* 10 F.3d 1064, 1067 (4thCir.1993) (quoting *Stedor,* 947 F.2d at 730).

◼ [¶ 12.] The case at hand presents a classic embedded proceeding. DWU sued on the contract, alleging breach of warranty, and HPG moved to dismiss the action. The trial court concluded the arbitration clause of the warranty was applicable, but found the situs provision unconscionable and, accordingly, amended the arbitration agreement to require the arbitration to take place in South Dakota. The trial court did not dismiss the

complaint, but rather granted HPG's motion to compel arbitration. The trial court retains jurisdiction of the matter. We are without jurisdiction to review the order compelling arbitration in South Dakota.

[¶ 13.] Appeal dismissed.

[¶ 14.] AMUNDSON, and GILBERTSON, JJ., concur.

[¶ 15.] SABERS, and KONENKAMP, JJ., dissent.

SABERS, Justice (dissenting).

[¶ 16.] According to the majority, the *trial court* has jurisdiction to declare, as a matter of law, that the forum selection clause is unconscionable, but the *South Dakota Supreme Court* does not have jurisdiction to say whether it was correct. This anomaly is achieved by characterizing the appeal as one which questions only the correctness of the trial court's order compelling arbitration. This is simply not the case. Obviously, HPG desires arbitration—that is precisely the grounds upon which it brought its motion to dismiss DWU's breach of warranty cause of action, but *not* the grounds upon which it appeals. The trial court went beyond simply ordering arbitration; it held as a matter of law, that the forum selection clause was unconscionable. *See Durham v. Ciba–Geigy Corp.*, 315 N.W.2d 696, 701 n. 1 (S.D.1982) ("Under SDCL 57A–2–302(1) the issue of unconscionability is a matter of law to be determined by the trial court."). We review questions of law de novo. *Specialty Mills, Inc. v. Citizens State Bank*, 1997 SD 7, ¶ 12, 558 N.W.2d 617, 621 (citing *In re Petrik*, 1996 SD 24, ¶ 10, 544 N.W.2d 388, 390). The majority cites no cases which state that we ever let questions of law go unreviewed.

[¶ 17.] If DWU were appealing the order compelling arbitration, I would have no quarrel with the majority's characterization of the action as an "embedded proceeding"; according to the majority, this refers to proceedings where a party is seeking relief other than an order compelling or prohibiting arbitration, "typically some relief concerning the merits of the allegedly arbitrable dispute." *See supra* ¶ 10. DWU sought relief concerning the merits of the dispute, i.e., breach of warranty claim, and *it* would be foreclosed from appealing an order compelling arbitration. *Id.*

[¶ 18.] In this case, DWU is not even appealing. In fact, even HPG is not appealing the *order compelling arbitration.* On the contrary, HPG sought arbitration and is appealing the trial court's finding the situs clause was unconscionable. This is not an "embedded" proceeding as that term is defined. Clearly, this is not a "classic embedded proceeding" as stated by the majority. If this were a "classic embedded proceeding," DWU would be appealing the order compelling arbitration of its breach of warranty claim, and it is not.

[¶ 19.] Under 9 USC § 3, the trial court was only authorized to "stay the trial of the action until such arbitration has been had *in accordance with the terms of the agreement* [.]" (Emphasis added). The terms of this arbitration clause called for arbitration in New York. *Cf. Spring Hope Rockwool, Inc. v. Industrial Clean Air, Inc.*, 504 F.Supp. 1385, 1389 (E.D.N.C.1981) (finding no case which applies the *forum non conveniens* doctrine to arbitration agreements and stating that the agreement is to be respected and enforced in accordance with the Arbitration Act).

[¶ 20.] If the terms of the arbitration clause itself are alleged to have been induced by fraud or coercion, that contention "precludes arbitration on the matter until a judicial trial of the question of fraud." *New Process Steel Corp. v. Titan Indus. Corp.*, 555 F.Supp. 1018, 1021 (S.D.Tex.1983) (citing *Wick v. Atlantic Marine, Inc.*, 605 F.2d 166, 168 (5thCir.1979); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 410–11 (2ndCir.1959), *cert. dismissed*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960) ("If this arbitration clause was induced by fraud, there can be no arbitration; and if the party charging this fraud shows there is substance to his charge, there must be a judicial trial of

that question before a stay can issue[.]")). The *New Process* court goes on to explain that when a party alleges fraud concerning the substance of the contract, it is an issue for the arbitrators; however, if the allegations center upon the arbitration provisions, it is for the courts to determine.* 555 FSupp at 1022. DWU does not assert that the entire warranty contract is unconscionable; on the contrary, it only claimed unconscionability in relation to the situs clause. Therefore, there is no reason not to treat its claim of unconscionability exactly as we would a claim of fraud, i.e., resolve it judicially before a stay on the merits is issued. *See, e.g., Johnson v. John Deere Co.,* 306 N.W.2d 231, 236–37 (S.D.1981), where this court discussed "procedural unconscionability," which deals with the process of making a contract, including whether there was a meaningful choice of terms, and noted that "White & Summers suggests that it proximates the common law of fraud and duress."

[¶ 21.] I would reach the merits of the unconscionability claim, as it presents a question of law and an issue which will not affect the arbitrability of disputes that fit within the arbitration clause (i.e., the breach of warranty claim).

[¶ 22.] KONENKAMP, J., joins this dissent.

---

* Clearly, HPG should not be denied the benefit of appellate review of a disputed question of law, as is being done in this case at this time.