SABERS, Retired Justice
(concurring in part, dissenting in part).
[¶ 16.] I concur with the Court’s conclusion that the State failed to satisfy the first part of the test in that a prosecutor is not a competent judicial officer. However, I disagree with this Court analyzing and deciding the second part of the test, when the circuit court did not reach the issue. We have repeatedly declared that this Court will not pass on an issue not decided by the circuit court. See, e.g., In re GCC License Corp., 2001 SD 32, ¶ 22, 623 N.W.2d 474, 483; Steiner v. County of Marshall, 1997 SD 109, ¶27, 568 N.W.2d 627, 633; Matter of Guardianship of Petrik, 1996 SD 24, ¶11, 544 N.W.2d 388, 390; Fanning v. Iversen, 535 N.W.2d 770, 776 (S.D.1995); Fullmer v. State Farm Ins. Co., 514 N.W.2d 861, 867 (S.D.1994); Schull Const. Co. v. Koenig, 80 S.D. 224, 121 N.W.2d 559, 561 (1963). The majority opinion ignores this well-established rule by deciding the issue instead of remanding to the circuit court to decide the issue, and I dissent.
[¶ 17.] Regarding whether to toll the days between withdrawal of the charges and recharging, the determination must “strike[ ] an equitable balance between society’s interest in the effective prosecution of criminal cases and the defendant’s right to a speedy trial.” Tiedeman, 433 N.W.2d at 239. In coming to that conclusion, other factors, in addition to whether there is evidence of an attempt by the State to avoid the requirements of the speedy trial rule, should be considered. The circuit court should examine the causes for the withdrawal of charges to determine if the withdrawal occurred because of circumstances beyond the State’s control or if the State sought to circumvent the rule. Moreover, the circuit court should consider whether, at the time the 180-day period would expire if not tolled, the State was exercising due diligence to prosecute the defendant. The circuit court should also consider whether the defendant remained in custody or, even if released, still endured a threat of criminal prosecution. Also important is whether the defendant encountered any adverse consequences, including disruption of employment, curtailment of associations, subjection to public obloquy, and the creation of anxiety, even though the initial charges were withdrawn. Additionally, the court should consider whether, after the initial charges were withdrawn, any new evidence developed *186 leading to different charges being brought against the defendant, rather than the defendant being recharged with the same crime(s). Finally, the court should determine whether the State should have made a motion before the expiration of the 180 days to show good cause for further delay. See SDCL 23A-44-5.1(4)(f).
[¶ 18.] The State is not free to eviscerate a defendant’s right to a speedy trial by dismissing the current charges and recharging the defendant with the same charges based merely on prosecutorial convenience. We cannot allow a mockery to be made out of the 180-day rule, and in effect destroy the very purpose underlying the rule. See State v. Head, 469 N.W.2d 585, 590 (S.D.1991) (Henderson, J., concurring specially). Nonetheless, because the circuit court did not reach this portion of the test, the case should be remanded so the factors set forth above can be considered in determining whether to toll the time between withdrawal of the charges and the reindictment.