**AUGUSTEA IMPB ET SALVATAGGI,**
**Petitioner–Appellant,**

**Scinicariello Augustea Ship Management;**
**Blenheim Shipping Services, Inc.,**
**Petitioners,**

**v.**

**MITSUBISHI CORPORATION,**
**Respondent–Appellee.**

**No. 1618, Docket 96–7739.**

United States Court of Appeals,
Second Circuit.

Sept. 17, 1997.

John C. Koster, New York City (Ellen M. FitzGerald, Healy & Baillie, New York City, of counsel),

for Appellant.

Lawrence B. Brennan, New York City (Edward J. Cook, Bigham Englar Jones & Houston, New York City, of counsel),

for Appellee.

Before: MESKILL, JACOBS and LEVAL, Circuit Judges.

MESKILL, Circuit Judge:

The issue is whether we have appellate jurisdiction to consider a district court's decision vacating an earlier order compelling arbitration in London and ordering arbitration to proceed in New York. Augustea Impb Et Salvataggi (Augustea) appeals from an order of the United States District Court for the Southern District of New York, Wood, *J.*, compelling Augustea to arbitrate a dispute with the Mitsubishi Corporation (Mitsubishi) in New York. The district court initially or-

dered the parties to arbitrate the dispute in London. However, upon reconsideration of its order pursuant to Fed.R.Civ.P. 60(b), the district court vacated its original order. The court then ordered the parties to arbitrate their dispute in New York. On appeal, Augustea argues that, based on the arbitration agreement between the parties, arbitration should proceed in London. Augustea contends therefore that the order of the district court should be vacated and that the original order compelling arbitration in London should be reinstated. Because we do not have appellate jurisdiction, we dismiss the appeal.

## BACKGROUND

On December 2, 1994, Mitsubishi entered into a contract with Empresa Nacional Elcano Madrid (Elcano), under which Elcano agreed to transport Mitsubishi's soybean cargo from the United States to Japan. (Mitsubishi–Elcano Agreement). To transport the cargo, Elcano used a vessel owned by Augustea. After Mitsubishi loaded the soybean onto the vessel in the United States, Elcano issued bills of lading to Mitsubishi. Both the Mitsubishi–Elcano Agreement and the bills of lading have clauses providing for arbitration of any dispute arising under the shipment of the soybean cargo.

When Augustea's vessel arrived in Japan, Mitsubishi's soybean cargo allegedly was damaged. Mitsubishi sought damages from Augustea and others, and served a demand for arbitration of its claim in New York. On June 2, 1995, Augustea and others petitioned the district court in the Southern District of New York to compel arbitration in London pursuant to 9 U.S.C. § 206, which provides that "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for." Augustea argued that the arbitration provision in the bills of lading was applicable in the present dispute and that this provision required arbitration to take place in London. Mitsubishi opposed the motion and argued that the bills of lading, by their terms, incorporated the provisions of the Mitsubishi–Elcano Agreement, which required arbitration in New York. Mit-

subishi also argued that the bills of lading provided that, if there were any conflict between the terms of the bills of lading and the Mitsubishi–Elcano Agreement, the terms of the Mitsubishi–Elcano Agreement would govern. Because the arbitration clauses of the bills of lading and Mitsubishi–Elcano Agreement conflicted, Mitsubishi contended that the Mitsubishi–Elcano Agreement, which called for arbitration in New York, governed the dispute.

On June 7, 1995, Mitsubishi brought an *in rem* admiralty action against Augustea's vessel, and an *in personam* admiralty action against Augustea and others, alleging damages of two million dollars. Both causes of action were filed in the Southern District of New York and eventually consolidated with Augustea's suit to compel arbitration in London.

On March 22, 1996, the district court ruled on Augustea's motion to compel arbitration in London. The court held that the bills of lading were contracts of carriage between Mitsubishi and Augustea and that, therefore, the terms of the bills of lading governed the dispute over the damaged cargo. The court then determined that the bills of lading required arbitration in London and, pursuant to 9 U.S.C. § 206, granted Augustea's motion to compel arbitration in London. The court rejected Mitsubishi's argument that the arbitration terms of the Mitsubishi–Elcano Agreement governed the dispute. The court held that, even if the bills of lading incorporated the arbitration terms of the Mitsubishi–Elcano Agreement, Mitsubishi had failed to submit evidence that these terms provided for arbitration in New York or any other arbitral forum. The court ruled, therefore, that the "default" arbitration provision in the bills of lading governed. The court then stayed the *in personam* action against Augustea.

On April 22, 1996, Mitsubishi moved, pursuant to Fed.R.Civ.P. 60, for reconsideration of the district court's order compelling it to arbitrate its dispute with Augustea in London. Mitsubishi argued that the court erroneously rejected Mitsubishi's argument that the arbitration terms of the Mitsubishi–Elcano Agreement governed in the present dis-

pute. Mitsubishi apparently submitted evidence showing that the Mitsubishi–Elcano Agreement provided for arbitration in New York. Mitsubishi also moved, pursuant to 9 U.S.C. § 4, for an order compelling Augustea to arbitrate the dispute in New York. The district court reconsidered its order and decided that the terms of Mitsubishi–Elcano Agreement provided for arbitration in New York. The court resolved the conflict in the arbitration terms of that agreement and the arbitration provision of the bills of lading, by ruling that the arbitration term of the Mitsubishi–Elcano Agreement governed. Accordingly, the court vacated its order compelling arbitration in London and ordered arbitration to take place in New York pursuant to 9 U.S.C. § 4.

On appeal, Augustea contends that the district court erroneously vacated its first order compelling arbitration in London and erroneously ordered arbitration to proceed in New York. Because we do not have appellate jurisdiction to decide the issues raised, we dismiss the appeal.

## DISCUSSION

■ Augustea argues that we have jurisdiction to hear this appeal pursuant to 9 U.S.C. § 16. We cannot agree.

■ Section 16 is a "provision governing appeals of orders concerning arbitration, [and] it endeavor[s] to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration." *Filanto, S.P.A. v. Chilewich Int'l Corp.,* 984 F.2d 58, 60 (2d Cir.1993) (citation omitted). In order to promote appeals from orders barring arbitration, section 16(a)(1)(C) provides that "[a]n appeal may be taken from—an order—denying an application under section 206 of this title to compel arbitration." Augustea argues that appellate jurisdiction is proper under section 16(a)(1)(C) because "[t]he District Court's Second Order vacated the order compelling London arbitration, thereby denying Augustea's petition to compel arbitration of the parties' international maritime dispute in accordance with … 9 U.S.C. § 206."

Citing, among other cases, *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974), and *Mitsubishi Motors v. Soler Chrysler–Plymouth,* 473 U.S. 614, 629–31, 105 S.Ct. 3346, 3355–56, 87 L.Ed.2d 444 (1985), Augustea contends that "[t]he issue of the situs of arbitration is, in essence, the issue of Augustea's contractual agreement to arbitrate at all." Put another way, Augustea argues that the parties' agreement as to the place of arbitration is so essential to the arbitration agreement that a district court's order to arbitrate in a place allegedly not agreed on by the parties is effectively a denial of the request to order arbitration.

■ We have no doubt that the forum selected by the parties in the arbitration agreement is an essential part of the parties' agreement to arbitrate. *See Scherk,* 417 U.S. at 519, 94 S.Ct. at 2457 ("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute."). However, whether a district court's order compelling arbitration in a forum different than that allegedly agreed on by the parties is, for purposes of an interlocutory appeal, the equivalent of a denial of a motion to compel arbitration under section 16(a)(1)(C) is an issue not addressed in the cases cited by Augustea. *See id.* at 519–20, 94 S.Ct. at 2457–58 (holding that an agreement to arbitrate any dispute in France is to be respected and enforced by the federal courts); *Mitsubishi Motors,* 473 U.S. at 629, 105 S.Ct. at 3355 (holding that "concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement" for arbitration by the Japan Commercial Arbitration Association). We have not found any cases that aid our analysis of this issue.

■ We believe that a holding that a district court's order compelling arbitration in New York rather than London is the equivalent of an order denying arbitration pursuant to 9 U.S.C. § 16(a)(1)(C) would subvert section 16's purpose of promoting arbitration and "prevent[ing] parties from frustrating

arbitration through lengthy preliminary appeals," *Stedor Enterprises, Ltd. v. Armtex,* 947 F.2d 727, 730 (4th Cir.1991). This we will not do. *See United States Nat'l Bank of Oregon v. Independent Ins. Agents of America,* 508 U.S. 439, 455, 113 S.Ct. 2173, 2182–83, 124 L.Ed.2d 402 (1993) (When interpreting a statute, a court must "look to the provisions of the whole law, and to its object and policy."). Section 16 "is a pro-arbitration statute designed to prevent the appellate aspect of the litigation process from impeding the expeditious disposition of an arbitration," *see* David D. Siegel, Practice Commentary: Appeals from Arbitrability Determinations, 9 U.S.C.A. § 16, at 352 (West Supp.1997).

Under Augustea's rationale, anytime the parties disagree as to the situs provided by their arbitration agreement, the losing party could bring an appeal, delaying the arbitration. Because the effect of such a rule would tie down the parties in continued litigation rather than promote arbitration, we reject Augustea's argument.

■ This holding tracks the plain meaning of the statute. *See First Brandon Nat'l Bank v. Kerwin (In re Kerwin),* 996 F.2d 552, 556 (2d Cir.1993) ("The plain meaning of the language Congress used in a statute ordinarily is conclusive, except in the rare case where a literal reading defeats the drafter's aim in enacting the legislation."). Section 16(a)(1)(C)'s language provides that a party may appeal from a district court order denying a motion to compel arbitration pursuant to 9 U.S.C. § 206, while under section 16(b)(2) and (3) a party cannot appeal an order compelling arbitration. Pursuant to the plain meaning of this statute, then, a party cannot appeal a district court's order unless, at the end of the day, the parties are forced to settle their dispute other than by arbitration. In the present case, the district court's order compels the parties to settle their dispute by arbitration pursuant to 9 U.S.C. § 4, and therefore, according to section 16(b)(2), it cannot be appealed.

■ In *Filanto* we held that, under section 16

[i]f the suit is "independent," *i.e.,* the plaintiff seeks an order compelling or prohibiting arbitration ... and no party seeks any other relief, a final judgment [ordering or denying arbitration and] ending such litigation is appealable at once....

[However, i]f the suit is "embedded," *i.e.,* a party has sought some relief other than an order requiring or prohibiting arbitration (typically some relief concerning the merits of the allegedly arbitrable dispute), orders denying arbitration are immediately appealable, 9 U.S.C. § 16(a)(1)(A)-(C), (a)(2), but *orders directing arbitration are not immediately appealable,* 9 U.S.C. § 16(b).

*Filanto,* 984 F.2d at 60 (citations omitted; emphasis added). Accordingly, if the present action is an independent suit, the district court's order compelling arbitration would be appealable. However, if the suit is embedded, the order directing arbitration is not immediately appealable.

The action in this case is "embedded." After Augustea moved for an order to compel arbitration in London, Mitsubishi, in turn, brought suit in the district court asking for relief on the merits of the allegedly arbitrable dispute. These cases were then consolidated into one action. *See id.* at 61 (embedded suit where one party sued on the merits and the other moved to stay the proceedings pending arbitration); *S+L+H S.p.A. v. Miller–St. Nazianz, Inc.,* 988 F.2d 1518, 1522–23 (7th Cir.1993) (independent proceeding when action to compel arbitration and separate action on the merits were never consolidated). Augustea concedes that this action is an embedded proceeding but claims that that does not resolve the matter. Augustea, arguing for appealability, focuses on "[t]he compound Second Order, which vacated the First Order" for arbitration in London at the same time that it granted Mitsubishi's motion to compel New York arbitration. Augustea claims that denying immediate review of the order ill serves judicial economy and efficiency. We disagree. When determining appellate jurisdiction of this compound order, we must look at the whole order to determine whether it ordered or denied arbitration for purposes of 9 U.S.C. § 16. It is clear that the overall result of the compound order was to compel arbitration of the entire dispute.

■ Augustea also relies on the doctrine of pendent appellate jurisdiction as a basis

for our review of the district court's vacating its earlier order to compel arbitration in London. That doctrine was recently applied by us in *Freeman v. Complex Computing Co.*, 119 F.3d 1044 (2d Cir.1997). In *Freeman*, the district court denied Freeman's motion to compel arbitration of his claim against one party while ordering arbitration of all claims between and among Freeman and the other two parties. Our Court clearly had jurisdiction over the order denying the motion to compel arbitration. We held that because of the "overlap in the factors relevant to our consideration of the appealable and non-appealable issues presented" the doctrine of pendent appellate jurisdiction was appropriate. *Id.* at 1049–50. In *Freeman*, unlike our case, there was an order clearly denying arbitration between two parties over which we had jurisdiction to which we could append an otherwise non-appealable order. We do not have that situation here. Therefore, we find Augustea's pendent appellate jurisdiction argument unpersuasive.

Because the district court ordered arbitration to proceed pursuant to 9 U.S.C. § 4 and stayed the action on the merits, its order compelling arbitration is not appealable under 9 U.S.C. § 16(b)(2). *See Filanto*, 984 F.2d at 61.

## CONCLUSION

The appeal is dismissed.