**CLARENDON NATIONAL INSURANCE COMPANY, Petitioner–Appellee,**

v.

**KINGS REINSURANCE COMPANY, LTD., Respondent–Appellant.**

**Docket No. 00–9257.**

United States Court of Appeals, Second Circuit.

Argued: Jan. 9, 2001.

Decided: Feb. 26, 2001.

---

James D. Nguyen, Foley & Lardner, Los Angeles, CA (C. Darryl Cordero, Foley & Lardner, Los Angeles, CA, and David D. Howe, Gilbert, Segall and Young LLP, New York, NY, of counsel) for Petitioner–Appellee.

Robert Y. Lewis, Shaw Pittman, New York, N.Y. (Gail S. Cooper–Folb, Bannan, Green, Frank & Terzian LLP, Los Angeles, CA, of counsel) for Respondent–Appellant.

Before KEARSE, JACOBS, and CABRANES, Circuit Judges.

JACOBS, Circuit Judge:

The underlying reinsurance controversy between the parties was the subject of a breach of contract action commenced by Kings Reinsurance Company ("Kings Re") against Clarendon National Insurance Company ("Clarendon") in California Superior Court. During the pendency of that suit, Clarendon moved in the United States District Court for the Southern District of New York (Hellerstein, J.) to compel arbitration of the same contract dispute pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. The district court granted the motion, the parties proceeded to arbitration, and Kings Re lost. Soon thereafter, but more than nine months after the district court entered judgment compelling arbitration, Kings Re filed its notice of appeal from the judgment. We dismiss this appeal for lack of jurisdiction because it was untimely.

Nothing was before the district court other than the issue of arbitration. The district court's judgment, when issued, was final under Section 16(a)(3) of the FAA, 9 U.S.C. § 16(a)(3), and any notice of appeal should have been filed, pursuant to Fed. R.App.P. 4(a)(1), within thirty days after entry of the district court's judgment. Kings Re argues that the district court's decision on the motion was interlocutory because the motion to compel arbitration was "embedded" in a court proceeding addressed to the merits (i.e., in the California breach of contract action), and that for that reason, under our precedents, the district court's judgment was not immediately appealable, pursuant to Section 16(b) of the FAA, 9 U.S.C. § 16(b). See Ermenegildo Zegna Corp. v. Zegna, 133 F.3d 177, 181 (2d Cir.1998) ("[A]n embedded proceeding is one in which a party seeks some relief other than or in addition to an order requiring or prohibiting arbitration. Such additional relief typically concerns the

merits of the underlying, allegedly arbitrable dispute.").

We deny Clarendon's motion for sanctions, however, because (among other things) this appeal turns on a question of first impression in this Circuit.

## BACKGROUND

In 1997, Kings Re sued Clarendon (and others) in California Superior Court, alleging that Clarendon breached a contractual duty to cede certain workers' compensation risks to Kings Re as reinsurer. Clarendon answered that the dispute was governed by an agreement that provided for arbitration in New York. Clarendon invoked the arbitration clause, but Kings Re refused to arbitrate on the ground that the clause did not cover the dispute. The California Superior Court stayed the contract action pending arbitration.

Clarendon filed a motion in the Southern District of New York, seeking an order compelling Kings Re, pursuant to Section 4 of the FAA, 9 U.S.C. § 4, to arbitrate the dispute and enjoining Kings Re, pursuant to 28 U.S.C. § 1651, from seeking an injunction against arbitration. Kings Re cross-moved for an order dismissing Clarendon's petition in its entirety or, in the alternative, staying proceedings in the district court pending the outcome of the California contract action.

In December 1999, the district court directed arbitration pursuant to the commutation agreement, and denied the cross-motion. The order spoke with finality: "This order disposes of all issues presented in the petition, and the clerk is therefore instructed to mark this matter as closed." Judgment was entered on December 8, 1999.

The parties proceeded to arbitration, and in July 2000 an arbitration award was rendered in favor of Clarendon. Kings Re petitioned the arbitrators for clarification or modification of the award, and a supplemental award was issued in August 2000. Clarendon then petitioned for clarification or modification of the supplemental award, and that petition was denied on September 1, 2000, finalizing the award.

On September 29, 2000, Kings Re filed a notice of appeal from the district court's December 8, 1999 judgment. Kings Re also filed a petition in the district court to vacate the arbitration award pursuant to Section 9 of the FAA, 9 U.S.C. § 10.

Clarendon now moves to dismiss Kings Re's appeal with prejudice on the ground that it is untimely under Fed.R.App.P. 4(a)(1) because it was filed more than thirty days after entry of final judgment. Clarendon also moves for monetary sanctions against Kings Re pursuant to Fed. R.App.P. 38, arguing that the appeal is frivolous.

## DISCUSSION

### A. Timeliness

Section 16 of the FAA provides in pertinent part:

(a) An appeal may be taken from … (3) a *final decision* with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an *interlocutory order* … (2) directing arbitration to proceed under section 4 of this title[.]

9 U.S.C. § 16(a)(3), (b)(2) (emphasis added). We have previously explained when a district court's decision to compel arbitration is immediately appealable:

According to the language of [9 U.S.C. § 16], if the district court's decision … may be characterized as a "a final decision with respect to an arbitration," it is appealable.… A petition to stay or to compel arbitration can arise in one of two ways: it may be "embedded" in pending litigation or it may be initiated by an independent proceeding.… Courts and commentators generally agree that if a district court's order directing arbitration arises in connection with a pending action, the order is inter-

locutory and thus is not appealable pursuant to § 16(b). Since a court retains jurisdiction over the parties to an embedded proceeding while they arbitrate a discrete portion of their dispute, it is logical to delay an appeal of a ruling compelling arbitration until the court subsequently confirms or rejects the arbitrator's decision. In contrast, an arbitrability decision arising from an independent proceeding . . . resolves the sole issue before the court. Consequently, once a court conducting an independent proceeding determines that a dispute is or is not arbitrable, the court generally does not retain jurisdiction over the parties. Because in such circumstances the district court's arbitrability decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," it is a final decision.

*In re Chung and President Enters. Corp.*, 943 F.2d 225, 228 (2d Cir.1991) (internal citations omitted). In *Chung*, the district court had dismissed the appellant's motion for a stay, granted the appellee's motion to compel arbitration on all claims, and then denied the appellant's motion for a stay of arbitration pending appeal to this Court. *Id.* at 227. On appeal, we found that the district court's decision was a final appealable decision because the district court resolved the only matter before it, "i.e., whether arbitration was proper." *Id.* at 228.

We have ruled that arbitration proceedings are embedded—and orders to arbitrate therefore non-final—where the order compelling arbitration was part of a larger action before the court. *See, e.g., Ermenegildo Zegna Corp.*, 133 F.3d at 182 (proceeding was embedded where district court analysis went "well beyond the question of arbitrability" and dealt with whether the parties' dispute "was susceptible to adjudication in any forum"); *Augustea Impb et Salvataggi v. Mitsubishi Corp.*, 126 F.3d 95, 99 (2d Cir.1997) (proceeding was embedded where one party moved for an order to compel arbitration, the adversary sued seeking relief on the underlying merits, and the two cases were consolidated); *Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 61 (2d Cir.1993) (proceeding was embedded where appellant sued on the contract and appellee moved to stay the district court proceedings pending arbitration).

■ This Court has not previously considered whether a district court's order compelling arbitration is independent or embedded when a breach of contract action is pending in state court. Other Circuits have held that such an order is not embedded in the proceeding that bears on the underlying merits, and is therefore immediately appealable. *See Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299, 1302 (9th Cir.1994) ("The fact that a separate but related proceeding is pending in state court cannot transform the independent federal court action into an embedded proceeding."); *Sphere Drake Ins. v. Marine Towing, Inc.*, 16 F.3d 666, 668 (5th Cir. 1994) (A "federal case cannot be 'embedded' in the state court proceedings . . . . [where] there is nothing left to be done in the district court." (internal quotation marks omitted)). We are persuaded by these authorities.

The same conclusion is supported by the vector of reasoning in *North River Insurance Co. v. Philadelphia Reinsurance Corp.*, 63 F.3d 160, 163–64 (2d Cir.1995), which held that a case "fits squarely within the definition of an 'independent' proceeding" where one party has asked the district court to compel arbitration under 9 U.S.C. §§ 4 and 5, and neither party has sought any other relief. Here, the only relief sought in the district court was (i) to compel arbitration, (ii) to dismiss the petition for an order compelling arbitration, or (iii) to stay the district court proceedings pending a ruling in the California contract action. Although the application for a stay was intended to facilitate and prefer a judicial ruling on the merits, the question was one of arbitrability and did not put the

merits before the district court. The district court issued an order (and entered judgment) granting or denying the relief sought by the parties. There is nothing interlocutory about an order compelling arbitration that does all that the court has to do.

The filing deadlines of Fed.R.App.P. 4(a) apply to an appeal of a final district court order under 9 U.S.C. § 16(a)(3). Therefore, under Fed.R.App.P. 4(a)(1), a party seeking to appeal a final district court judgment or order that compels arbitration under the FAA must file a notice of appeal within thirty days.

■ Kings Re argues that it can appeal the district court's judgment post-arbitration because it filed a motion in district court, pursuant to 9 U.S.C. § 10, to vacate the arbitration award, i.e., that the district court order compelling arbitration was not final because it was subject to later district court review. We have ruled, however, that "section 10 does not provide an independent means of challenging [a] district court's order compelling ... arbitration which was appealable, but which was not appealed." *Id.* at 166 n. 3.

## B. Sanctions

■ Clarendon argues that this is a frivolous appeal, and moves for monetary sanctions against Kings Re, pursuant to Fed.R.App.P. 38. We deny sanctions because (among other things) although we dismiss the appeal, the dismissal ruling turns on an issue of first impression in this Circuit. *See DiGianni v. Stern's*, 26 F.3d 346, 349 (2d Cir.1994) (per curiam).

### CONCLUSION

This appeal was untimely filed and Clarendon's motion to dismiss the appeal for lack of appellate jurisdiction is therefore granted. Clarendon's motion for sanctions is denied.