

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00520-CV

**SOUTHLAND LOG HOMES, INC.** d/b/a Southland Log Homes and Southland Log Homes, LLC d/b/a Southland Log Homes and a/k/a Texas Favorite Log Home, LLC, Appellants

v.

Betty J. **PLANT**, Individually and as Trustee of the Betty J. Plant Revocable Trust, Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI05974
Honorable Cathleen M. Stryker, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: October 30, 2019

DISMISSED FOR LACK OF JURISDICTION

By order dated September 10, 2019, the appellee was ordered to file a response to the appellants' request for a stay of the trial court's order in the underlying cause. On September 20, 2019, the appellee filed a response and a motion to dismiss the appeal for lack of jurisdiction.

In their notice of appeal, the appellants state they seek to appeal the trial court's order "to the extent the Order denied Southland's motion/application to compel the mandatory arbitration of the Plaintiff's claims against Southland in Richland County, South Carolina." The appellants

further assert they seek to appeal "the Court's ruling that the arbitration of the Plaintiff's claims against Southland must be held in Texas, as opposed to Richland County, South Carolina."

One of the trial court's orders in the underlying cause grants in part and denies in part the appellants' motion to stay the underlying cause, staying the underlying cause pending arbitration in Texas. The second order entered by the trial court grants plaintiff's motion to compel arbitration and orders arbitration to occur in Texas. As noted in the appellee's response, appellate courts do not have jurisdiction to consider an interlocutory appeal of an order granting a motion to compel "albeit not in the 'first-choice' forum." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 304 (5th Cir. 2016) (citing *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 (9th Cir. 2004), and *Augustea Impb Et Salvataggi v. Mitsubishi Corp.*, 126 F.3d 95, 99 (2d Cir. 1997)).

By order dated September 24, 2019, the appellants were ordered to respond to the appellee's motion to dismiss and show cause in writing by October 9, 2019, why this appeal should not be dismissed for lack of jurisdiction. Appellants did not respond to this court's order. Because this court does not have jurisdiction to consider an interlocutory appeal of an order granting a motion to compel "albeit not in the 'first-choice' forum," this appeal is dismissed for lack of jurisdiction. *Id*.

PER CURIAM