19-2126-cv
*Siddiqui v. Athene Holding, Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty.

Present:

> PIERRE N. LEVAL,
> REENA RAGGI
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

_____

IMRAN SIDDIQUI,

> *Plaintiff-Appellant*,

v.                                                          19-2126

ATHENE HOLDING LTD.,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Defendant-Appellee: | PHILIPPE ADLER, Friedman Kaplan Seiler & Adelman LLP, New York, NY (Steven M. Pesner, P.C., Alexander D. Levi, Friedman Kaplan Seiler & Adelman LLP, New York, NY, *on the brief*) |
| For Plaintiff-Appellant: | SEAN R. O'BRIEN, O'Brien LLP, New York, NY (Sara A. Welch, O'Brien LLP, New York, NY, Lisa C. Solbakken, Alex Reisen, Thomas G. O'Brien, Arkin Solbakken LLP, New York, NY *on the brief*) |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Imran Siddiqui ("Siddiqui") appeals from a July 9, 2019 judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*) granting Defendant-Appellee Athene Holding Ltd.'s ("Athene") motion to dismiss Siddiqui's complaint and dismissing Siddiqui's claims with prejudice. In his amended complaint, Siddiqui alleges that a suit filed against him by Athene, a Bermuda incorporated company, in Bermuda violates the forum selection clause in an "Advisory Services Agreement" ("ASA") executed between Athene and Apollo Management Holdings, L.P. ("Apollo"), Siddiqui's former employer.[1] Siddiqui requested, *inter alia*, that the district court enjoin and declare invalid the Bermuda suit.

The district court determined that the Bermuda suit is outside the scope of the ASA's forum selection clause because the Bermuda litigation relates to Siddiqui's conduct as a director of Athene and not to the subject matter of the ASA. SPA 6–11. Accordingly, the district court dismissed Siddiqui's complaint with prejudice. SPA 11. Although the Bermuda suit is still pending, the Court of Appeal for Bermuda has held that Siddiqui, as a director of Athene, is bound by a different forum selection clause contained in Athene's bylaws which specifies Bermuda as the proper forum for suits concerning specified breaches of Bermuda law.[2] DA52, 58, 60.

---

[1] Siddiqui is a former director of Athene. Although he was not a signatory to the ASA, the parties concede that he is a third-party beneficiary of the agreement.

[2] Although this ruling came down after this appeal was filed, Athene moved to supplement the record and asked this court to take judicial notice of the ruling. Motion to Supplement the Record, October 4, 2019. Siddiqui does not oppose the court taking judicial notice of this ruling. Opposition to Motion to Supplement the Record, October 15, 2019, 2. As such the motion is granted and references to the ruling attached as Exhibit A to Athene's motion are cited with "DA" for Defendant-Appellant's Appendix.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review *de novo* the district court's dismissal of Siddiqui's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Scutti Enters., LLC v. Park Place Entm't Corp.*, 322 F.3d 211, 214 (2d Cir. 2003). We accept as true all facts alleged in the complaint and draw all inferences in the plaintiff's favor. *Id.* To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The ASA specifies that it is governed by New York law. A39. Under New York law, "a contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself." *MHR Capital Partners LP v. Presstek, Inc.*, 12 N.Y.3d 640, 645 (2009). New York law favors the enforcement of forum selection clauses. *See, e.g., Brooke Group Ltd. v. JCH Syndicate 488,* 87 N.Y.2d 530, 534 (1996) (stating that forum selection clauses are "prima facie valid and enforceable"). The ASA's forum selection clause states that the parties agree "not to commence any claim or action arising out of or based upon this Agreement or relating to the subject matter hereof other than before" the state and federal courts in the county of New York. A39–40. The central issue on appeal is whether, under the terms of the forum selection clause, Athene's Bermuda suit "relat[es] to" the subject matter of the ASA. As the district court correctly held, it does not.

The district court found that the "subject matter" of the ASA is "Services," which are defined specifically to exclude actions taken by Apollo employees in their capacity as Athene directors. SPA 6–7. We agree. As is evident from the name "Advisory Services Agreement,"

3

the ASA concerns the provision of "Services" by Apollo and its employees to Athene. A34. The opening recitals note that "Apollo is willing to provide certain services" to Athene and that none of the "Services (as defined below) shall be duplicative of [other agreements with an Apollo affiliate], which services shall continue to be provided pursuant to, and in accordance with the terms and conditions of, separate agreements." A34. Section 9 of the ASA states that the ASA "constitutes the entire understanding of the parties . . . with respect to the specific subject matter [of the ASA]" and that "[t]here are no other representations, agreements, arrangements, or understandings . . . among the parties relating to the Services and the compensation therefor which are not fully expressed in this Agreement." A40. Taken together, these provisions clearly demonstrate that the subject matter of the ASA is "Services," a term defined in Section 1. A35.

Section 1 expressly states that services "performed by employees of, or consultants to, Apollo in their capacity as directors or employees of [Athene] shall not be in addition to and not be a part of the Services." A35. As such, the district court was correct in holding that "Services" are the subject matter of the ASA and exclude work performed by Apollo employees in their capacity as Athene directors.

Siddiqui argues that Section 1 is unclear and does not state that all services which an Apollo employee performs as a director of Athene fall outside the scope of the ASA for all purposes, particularly given that the forum selection clause references the ASA's "subject matter" rather than "Services." Appellant's Br. 30. Siddiqui points to Section 5(c) which provides that no "Indemnitee [will] be liable to [Athene] for any indirect, special, punitive, incidental or consequential damages" and is not conditioned on the presence or absence of "Services." However, Section 4(b)(i) indemnifies the Indemnitees only in connection with the "Services" provided under the Agreement. A36. In the context of the whole agreement, we read the

4

protections of Section 5(c) as similarly limited to the Services. And Section 5(b), which Siddiqui also cites for this argument, concerns the effect of the ASA on an "Indemnitee[']s" ability to invest in other companies but notes that this provision does not affect the duties of Indemnitees "as a result of their directorship positions on the board of directors" of Athene. A38–39. This provision thus further suggests that duties owed as a director of Athene are outside the scope of the ASA. Accordingly, it is of no moment that the forum selection clause references the "subject matter" of the ASA, rather than "Services," because the structure and text of the agreement demonstrate that the "subject matter" of the "Advisory Services Agreement" is "Services."

The district court was also correct in finding that Athene's Bermuda suit concerns Siddiqui's actions as a former director of Athene, and thus does not relate to the subject matter of the ASA, rendering it outside the scope of the forum selection clause. SPA 10–11. Even apart from the Bermuda court rulings stating as much, it is clear from the face of Athene's Bermuda complaint that it alleges Siddiqui breached his duties to Athene in his capacity as a board member, and not as an employee of Apollo.[3] While Siddiqui is correct that the "relat[es] to" language contained in the forum selection clause of the ASA is broad, *see, e.g., Coregis Ins. Co. v. American Health Foundation, Inc.*, 241 F.3d 133, 128–29 (2d Cir. 2001) (noting that "related to" is "broader in scope than the term 'arising out of'"), that is not enough here. Because the subject matter of

---

[3] Siddiqui argues vigorously that because he received the information which the Bermuda action alleges he misused while working in his capacity as an Apollo employee, the action "relat[es] to" the subject matter of the ASA. Appellant's Br. 24–29. Even if it were true that Siddiqui was acting in his capacity as an Apollo employee when he received such information, however, it is not the receipt of such information that is challenged in Athene's Bermuda suit, but its use. Siddiqui protests that to prove its claim of misuse, Athene will have to show how Siddiqui obtained the information and that, in fact, Athene alleges that Siddiqui received the information at a meeting where he was working in his capacity as an Apollo employee and providing "Services" within the meaning of the ASA. But showing that Siddiqui received the information while acting in his capacity as an Apollo employee in no way implies that a claim that Siddiqui violated his duty as a director of Athene "relat[es] to" the provision of "Services" when the ASA itself expressly excludes Siddiqui's actions as a director of Athene from the definition of that very term.

the ASA is "Services," and because "Services" are defined to exclude the conduct of Apollo employees acting in their capacity as Athene directors, the Bermuda action's claims regarding Siddiqui's action as a director do not "relat[e] to" the subject matter of the ASA.   The Bermuda suit is thus beyond the scope of the forum selection clause.[4]

Finally, Siddiqui argues that the district court erred in dismissing his claims with prejudice. We review a district court's decision to dismiss with prejudice for "abuse of discretion."   *Grain Traders, Inc. v. Citibank, N.A.,* 160 F.3d 97, 106 (2d Cir. 1998).   District courts typically have "wide discretion" when denying leave to amend a complaint.   *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 126 (2d Cir. 2014).   Siddiqui failed to identify "new facts that might redress the complaints' noted deficiencies" below, and thus the district court did not abuse its discretion in dismissing his claims with prejudice.   *In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011).   On appeal, Siddiqui argues that, because he "fully expects that . . .

---

[4]  Even if it were not the case that the Bermuda suit falls outside of the forum selection clause on its own terms, the same conclusion would be justified by the forum selection provision in Athene's bylaws. When the parties put forth two conflicting forum selection clauses, and there is no dispute about the facts giving rise to the two clauses, we must decide as a matter of law which governs.   *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 822 (2d Cir. 2006).

Here, even accepting Siddiqui's facts as true, we would conclude that Athene's bylaws govern. Although Siddiqui may be a third-party beneficiary to the ASA, there is little reason to think that the parties to the contract intended such a wide-ranging forum selection clause as Siddiqui argues.   There is an obvious reason that Apollo would want to extend the ASA's protections to Indemnitees: Litigation against Apollo's employees could be expected to affect Apollo's interests detrimentally, through vicarious liability, so long as the conduct giving rise to liability occurred while the employee remained with Apollo.   By contrast, there is no apparent reason for Apollo to have any interest in litigation between Athene and a former employee of Apollo where the conduct complained of occurred after the termination of the individual's employment with Apollo.

Here, Siddiqui does not allege that he continued to be an employee of Apollo when he attempted to acquire the Target.   The fact that he acquired confidential information while at Apollo establishes at best a tenuous relationship between Athene's Bermuda lawsuit and the Services under the ASA.

Athene's bylaws, on the other hand, designate Bermuda as the forum for any dispute concerning "whether there has been any breach of the [Bermuda Companies Act]," which is precisely what Athene's Bermuda complaint alleges.   A577, 714.   And Athene has an obvious and direct interest in the enforcement of its forum selection provision, which ensures that issues of Bermuda law relating to the internal affairs of a Bermuda company will be litigated in Bermuda courts.

6

Athene will make its case primarily about information . . . learned by[] Mr. Siddiqui in his capacity as an Apollo representative," he should be granted leave to amend. Appellant's Br. 37. However, as discussed above, even if Athene uses evidence of Siddiqui's actions as an Apollo employee to make its case in the Bermuda action, that would not be enough to show that the complaint relates to the ASA for forum selection clause purposes where the claims (as Bermuda's courts have recognized and the district court correctly held) are about Siddiqui's actions in his capacity as an Athene director.

We have considered the plaintiff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk